# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
October 16, 2001 Session

## STATE OF TENNESSEE v. CAROLYN WHEELER

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-A-645     Seth Norman, Judge**

_____

**No. M2001-00337-CCA-R3-CD - Filed March 18, 2002**

_____

The appellant was sentenced on November 24, 1997 for two convictions, theft of property valued in excess of $10,000 and forgery.  Two concurrent three year sentences were imposed with incarceration for one year followed by two years of community corrections.  Restitution was not ordered until the appellant's sentenced had expired, and she brings this appeal maintaining that the trial court lacked jurisdiction to impose restitution following the expiration of her sentence.  The State concedes that the restitution order in this case was entered following the expiration of the appellant's sentence and is therefore in contravention of Tennessee Code Annotation section 40-35-304(g)(2).  We agree and reverse the order of restitution entered in this case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

Kenneth Quillen, Nashville, Tennessee, for appellant, Carolyn Wheeler.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Jason M. Lawless, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

On September 11, 1997, the appellant pled guilty to theft of property over $10,000 and

forgery.  On November 24, 1997, the trial court imposed concurrent three year sentences for both

convictions with service of one year, day for day, and the balance on community corrections. The trial court ordered that the amount of restitution be determined by the community corrections officer.

For reasons not apparent in this record, the State did not file a Motion to Determine Restitution until February 14, 2000, over two years after the appellant was sentenced. Another seven months passed before the State filed a pleading setting forth the alleged damages suffered by the victim. This document was filed on September 22, 2000. A hearing was held on January 15, 2001, regarding the State's motion to set restitution. Based on testimony from the appellant's probation officer, the trial court ordered the appellant to pay the victim $5,720.00.

Lack of Jurisdiction To Impose Restitution Following Expiration of Sentence

The appellant maintains that the trial court was without authority to order restitution in this case following the expiration of the appellant's sentence in this case. The State on appeal does not contest this assertion. We too are constrained to agree with the parties and must therefore reverse the order that the appellant pay restitution.

The appellant in this case was sentenced on November 24, 1997, to a term of three years, with service of one year, day for day and the balance on community corrections. With pre-trial jail credits awarded to the appellant in the amount of 39 days, her sentence expired on October 17, 2000. The order of restitution in this case was entered on January 5, 2001, several months beyond the expiration of the probationary term. Tennessee Code Annotated section 40-35-304(g)(2) provides that:

> A defendant sentenced in whole or in part to the payment of restitution pursuant to § 40-35-104(c)(2), or otherwise, shall be responsible for the payment of such restitution until the expiration of the sentence imposed by the court, and any payment or performance schedule established by the court shall not extend beyond such expiration date.

Thus, when the trial court issued its order of restitution on January 5, 2001, the appellant's sentence had expired, and any restitution would have extended beyond the expiration date, in contravention of Tennessee Code Annotated section 40-35-304(g)(2). The judgment of the trial court is therefore REVERSED.

_____

JERRY L. SMITH, JUDGE